# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DONELL STALLWORTH,**

    **Plaintiff,**

v.                                                       Case No: 6:16-cv-546-Orl-31DCI

**OMNINET VILLAGE, L.P., OMNINET
VILLAGE LAKE, LLC and OMNINET
PROPERTY MANAGEMENT, INC.,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Certify Class (Doc. 46) filed by the Plaintiff, Donell Stallworth ("Stallworth"), the response in opposition (Doc. 52) filed by the Defendants, Omninet Village, L.P., Omninet Village Lake, LLC, and Omninet Property Management, Inc. (collectively, "Omninet"), and the reply (Doc. 55) filed by Stallworth.

**I.**      **Background**

The Defendants own and manage an apartment complex – Village Lakes Apartments (henceforth, "Village Lakes") – in Orlando. Stallworth has been a resident of Village Lakes since July 2013. (Doc. 1 at 4). He contends that, beginning in August 2013, the combination of a leaky air conditioner and a poorly ventilated bathroom resulted in repeated outbreaks of black mold throughout his apartment. (Doc. 1 at 5-6). After he reported the problem, Stallworth says, the management of the complex failed to properly clean up the mold, to keep the air conditioner working properly or to provide ventilation in the bathroom. (Doc. 1 at 6-8). As a result, even if the mold was cleaned up, it would return and spread to other areas of his apartment. (Doc. 1 at 6-8). Beginning in January 2014, Stallworth began to experience headaches and respiratory issues,

which he attributes to the mold. (Doc. 1 at 6). At some point, Stallworth alleges, he "became aware" of numerous other Village Lakes residents who were suffering mold problems in their apartments, which were not being properly addressed by the complex management. (Doc. 1 at 9). On March 31, 2016, he filed the instant suit, a purported class action, asserting claims for breach of contract (Count I) and breach of the implied warranty of habitability (Count II).[1]

## II. Legal Standards

### A. Rule 23

Class actions are governed by Federal Rule of Civil Procedure 23. Rule 23 provides, in pertinent part, that one or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

> The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23. The Rule does not set forth a mere pleading standard. Rather, a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a). The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b).

---

[1] Two other counts from the original complaint have been dismissed or withdrawn.

*Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013) (internal citations and quotations omitted).  In the instant case, the Plaintiffs seek to proceed pursuant to Rule 23(b)(3), which applies if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> **(D)** the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

### B. Implicit Requirements

In addition to the explicit requirements set forth in Rule 23, parties seeking class certification within this Circuit must also satisfy certain *implicit* requirements.  One such threshold requirement not mentioned in Rule 23 is that the plaintiff must demonstrate that the proposed class is "adequately defined and clearly ascertainable."  *Bussey v. Macon County Greyhound Park, Inc.*, 562 Fed. Appx. 782, 787 (11th Cir. 2014) (citing *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

> An identifiable class exists if its members can be ascertained by reference to objective criteria.  The analysis of the objective criteria should be administratively feasible.  "Administrative feasibility" means that identifying class members is a manageable process that does not require much, if any, individual inquiry.

*Id.* (internal citations and quotations omitted).

A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147 (1982). The burden of proof to establish the propriety of class certification rests with the advocate of the class. *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003).

### C. Commonality

As noted by the Supreme Court, the Rule 23(a)'s requirement that there be "questions of law or fact common to the class" is easily misread, since any competently crafted class complaint literally raises common "questions." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (internal quotation and citation omitted).[2] Commonality requires that the plaintiffs demonstrate the class members have suffered the same injury – which does not mean merely that they have all suffered a violation of the same provision of the law. *Id.* at 349-350 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). Rather, the claims must depend upon a common contention, which must be of such a nature that it is capable of classwide resolution. *Id.* at 350. This means that the contention must be such that a determination of its truth or falsity "will resolve an issue that is central to the validity of one of the claims in one stroke." *Id.*

### D. Predominance

Under Rule 23(b)(3), it is not necessary that all question of fact or law be common, but only that some questions of fact or law are common and that they predominate over individual

---

[2] For example, in *Dukes* – an employment discrimination case – the court rejected, as insufficient to warrant class certification, "common" questions such as

> Do all of us plaintiffs indeed work for Wal-Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get?

*Id.* at 349.

- 4 -

questions. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) (*abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008)). However, "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989) (internal quotation omitted). In determining whether class or individual issues predominate in a putative class action suit, the court must take into account the claims, defenses, relevant facts, and applicable substantive law. *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.,* 458 Fed. App'x 793, 794 (11th Cir. 2012).

### III. Analysis

Stallworth seeks to certify a class consisting of

> [a]ll former and current residents of the Village Lakes Apartments, generally located at 4901 Bottlebrush Lane, Orlando, Florida, 32808, between the dates of August 12, 2013 to present who had or have mold or mold spores, or excessive moisture in their apartment units.

However,, the proposed class falls fails to satisfy the requirements of Rule 23 in numerous ways. The most serious shortfalls are discussed below.

#### A. Numerosity and ascertainability

Stallworth suggests that there are several hundred class members. (Doc. 46 at 12-13). However, he has not produced any evidence to support this assertion. He argues that he has identified 23 other Village Lake tenants who "reported the same types of problems and injuries" that he suffered – *i.e.*, mold and water intrusion. (Doc. 55 at 2). The document supposedly identifying these tenants is a "survey" he conducted, which reads as follows:

> Hi resident of Village Lake, I am doing a door-to-door survey of mold and mildew to get our living quarters upgraded that you so

much deserve and stated by law. Are you aware that this is not
your responsibility to do so on your own?

(Doc. 47 at 18). This statement is followed by 23 signatures, apparently those of Village Lake tenants. (Doc. 47 at 18).

Given the vagueness of the survey's language, is not clear what the tenants intended to demonstrate by adding their signatures. Perhaps they were just signing to show that Stallworth had spoken to them, or that they were now aware of their responsibilities regarding living quarter upgrades. However, it is clear that the tenant would not be attesting that he or she ever had a mold or water intrusion issue, much less that the property manager failed to properly address such a problem, because the survey language does not include any such language.

Beyond the numerosity requirement, Stallworth has not shown any method by which members in the class could be identified. Stallworth contends that the Defendants possess the records from which class membership may be ascertained. (Doc. 467 at 13). The records to which Stallworth refers are simply lease agreements. However, the class Stallworth seeks to certify consists of "tenants with excessive mold problems," not "tenants". Lease agreements alone are not evidence of membership in the proposed class.

### B. Commonality and predominance

Even assuming that other class members exist and could be identified, Stallworth has failed to demonstrate the existence of any common questions of law or fact at issue shared by class members. Stallworth attempts to satisfy this requirement by pointing to the following two questions:

> Whether Defendants have policies and procedures that respond to tenants' needs to create a safe, mold-free living environment and whether Defendants violated Florida substantive law by failing to provide a safe living environment for all class members.

(Doc. 46 at 16). However, neither of these questions are dispositive of any issue included in the claims that Stallworth seeks to assert – i.e., the claim for breach of contract or for breach of the implied warranty of habitability.[3] As such, neither of these questions satisfy the commonality requirement. *See Dukes*, 564 U.S. at 349 (stating that, for purposes of Rule 23, determination of common question must "resolve an issue that is central to the validity of one of the claims in one stroke."). By failing to identify a relevant common question that this litigation could resolve, Stallworth has also necessarily failed to demonstrate that the common question(s) in this litigation predominate over individualized questions that would need to be answered to resolve each class members' claims.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Certify Class (Doc. 46) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] After identifying the two questions, Stallworth makes no effort to explain their relevance to either of the remaining claims.